UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM STEPHEN REISZ,
Chapter 7 Trustee                                                                                          APPELLANT

v.                                                                                              NO. 3:14-CV-293-S
                                                                                          BANKR. CASE NO. 12-31712

SAMUEL K. CROCKER
United States Trustee, Region 8                                                                         APPELLEE

### MEMORANDUM OPINION

This matter is before the court on appeal from an order of the United States Bankruptcy Court setting the commission of William Stephen Reisz, Chapter 7 Trustee (hereinafter "Trustee"), at $5,000.00.

### BACKGROUND

The underlying facts in this case are undisputed. The Chapter 7 debtors, Sammy and May Wooten, owned and operated a trucking business and a grocery store in Sonora, Kentucky. The grocery store suffered from declining business over a period of time. By 2012, the Wootens were unable to repay over $1,000,000.00 in business debt that was secured by the grocery store, their residence, and an adjacent plot of undeveloped land. They filed for Chapter 7 relief on April 10, 2012.

The Chapter 7 Trustee administered the Wooten's bankruptcy estate. The Wootens had no equity in the properties or other nonexempt property which could be liquidated for the benefit of unsecured creditors. The Trustee agreed with the secured creditors to sell the properties free of liens and other encumbrances in exchange for a $50,000.00 "carveout" from the sale proceeds, which would be used to the benefit of unsecured creditors. While this sort of sale is permitted

under 11 U.S.C. § 363(f), a Chapter 7 Trustee should not enter into such a sale unless it generates funds for the benefit of unsecured creditors. *See* U.S. Dept. of Justice, Exec. Office for U.S. Trustees, Handbook for Chapter 7 Trustees at pp. 8-20. The parties agree that the intent was that proceeds from the "carveout" would be available for the benefit of unsecured creditors, but that due to a mistake made by the Trustee, the sum remaining in the estate at the end of the day was only $22,964.92.

The bankruptcy court approved the "carveout" agreement and the properties were sold for $411,600.00, and the Trustee received the agreed $50,000.00 for the estate. However, the Trustee failed to consider the tax ramifications of the sale of the properties. He discovered after the fact that the commercial property, which had been sold at auction for $231,000.00, had a low tax basis which caused substantial taxable gain to the estate. The Trustee was required to hire an accountant, file tax returns, and pay federal income tax of $12,098.00 and state income tax of $5,480.00.

Additionally, the Wootens sought and the bankruptcy court approved a homestead exemption in the amount of $7,500.00.

After paying the homestead exemption, capital gains taxes and other miscellaneous payments such as bank fees, the Trustee was left with $22,964.97. The Trustee then filed his final report and request for commission. He sought the entirety of the remaining $22,964.97 as a Trustee's commission, noting that this was less than the statutory commission of $23,830.00 based on the Trustee's total disbursements of $411,600.00.

The United States Trustee objected to the amount of the commission sought by the Chapter 7 Trustee, and moved the bankruptcy court to set the commission at $5,000.00 which represented the statutory commission calculated on the $50,000.00 "carveout," less the debtors'

exemption of $7,500.00. (DN 1-1, p. 321). The bankruptcy court granted the United States Trustee's motion and set the commission at $5,000.00.

In its Order Setting Trustee's Commission (DN 1-2, p. 350), the bankruptcy court made the following determinations:

(1) If the Trustee receives his proposed commission, there will be no funds available for payment to unsecured creditors.

(2) Under 9th Circuit authority, absent extraordinary circumstances, Chapter 7, 12 and 13 Trustee fees should be presumed reasonable if they are requested at the statutory rate.

(3) Regardless of any presumption in connection with the statutory rate, courts still retain discretion to assess the reasonableness of a trustee's request for compensation.

(4) The court should consider all surrounding facts and circumstances in deciding whether to award something less than a Section 326 commission.

(5) The Trustee's request for a commission of $22,964.92 is unreasonable, as unsecured creditors would get nothing.

(6) Considerations of reasonableness and equity compel the court to lower the Trustee's compensation so that unsecured creditors can receive some benefit from the sale of the properties.

(7) The "extraordinary circumstances" standard is not the law in this circuit, but if it were, this case would qualify as an extraordinary circumstance, as an award of the requested Section 326 commission would leave unsecured creditors with nothing and would encourage future trustees to sell themselves as sale expediters to secured creditors.

(8) Chapter 7 Trustees should work for the "parties in interest" of a bankruptcy estate – not just the secured creditors. 11 U.S.C. § 704(a)(1).

DN 1-1, pp. 1-4.

## DISCUSSION

The Trustee has appealed the order setting his commission, urging that the bankruptcy court erred in finding that the commission requested was not reasonable, and setting the commission at the amount requested by the United States Trustee rather than making a finding utilizing the reduced percentages calculus of § 326 in determining reasonable compensation.

The United States Trustee has responded that the bankruptcy court correctly determined that the commission sought was not reasonable and presented an extraordinary circumstance warranting the reduction.

First, this court finds that there was no error in the determination by the bankruptcy court that the commission sought by the Trustee was not reasonable or, alternatively, that the facts herein constituted extraordinary circumstances warranting a departure from the presumption of reasonableness usually attendant to a § 326 commission calculation.

In its order, the bankruptcy court noted that "Allowing such compensation will reward the Trustee for providing services that benefit the secured creditor, the debtor, and himself, while leaving unsecured creditors out in the cold.  Considerations of reasonableness and equity compel the Court to lower the Trustee's compensation amount so that unsecured creditors can receive some benefit from the sale of the properties."  DN 1-1, pp. 350-351.  The bankruptcy court took note of the contention of the United States Trustee in opposing the requested commission,[1] that the Trustee's sale of secured property and commission thereon which yielded no benefit to unsecured creditors was tantamount to a convenience sale which has been condemned in this district.

---

[1] Such objections by the United States Trustee are rare.

-4-

In *In re Lambert Implement Company, Inc.*, 44 B.R. 860, 861-62 (Bankr.W.D.Ky. 1984), the bankruptcy court in this district found that

> At issue is whether the trustee, while serving in her official capacity as such, may serve as the handmaiden of consenting secured creditors in the collection of their security and thereafter be entitled to statutory compensation for such services…Bluntly put, a trustee "is not entitled to collect his commission from secured property administered in bankruptcy." The Fifth Circuit and numerous bankruptcy courts besides our own have so held. [citations omitted]…the trustee as representative of the estate should not (under usual circumstances) be engaging in activities where there is no potential equity for general creditors and with the trustee enhancing his compensation with no corresponding benefit to the general estate…

The court suggested that "Distributions to secured creditors should be specifically excluded from the base figure of total disbursements upon which the trustee's commission is computed." 44 B.R. at 861.

In urging that the facts do not raise an extraordinary circumstance, the Trustee argues that "When the motion to sell the property was filed, Trustee's anticipation [that the $50,000 carveout would benefit the estate] was justified because it was not until after the sale, Trustee realized the sale would cause taxable gains to the estate." DN 8, p. 7. This very statement illustrates that indeed an extraordinary circumstance exists. The Trustee's failure to appreciate the tax ramifications of the sale resulted in the projected return to unsecured creditors being cannibalized. Compounding the problem was that the Trustee then sought to take all of the remaining funds as a commission for his services; services which did not yield anything for the unsecured creditors.

The essence of Trustee's argument is that he should not be held to a standard of certainty in the result reached. However, he does not suggest that he could not or should not have known, prior to the sale, of the taxable gains which would result. Thus we agree with the bankruptcy

court that the Trustee's requested compensation based upon the unmodified application of the formula set forth in § 326 yields an unreasonable result, as the Trustee should not be rewarded for providing services to benefit only the secured creditor, the debtors, and himself.

The court aptly noted that while §§ 326(a) and 330(a)(7) require that Trustee compensation be treated as a commission, the Trustee has no automatic entitlement to the maximum commission according to the formula. Rather, "courts still have discretion to assess the reasonableness of a trustee's request for compensation." DN 1-1, p. 350, *citing In re Ward*, 418 B.R. 667, 675 (W.D. PA. 2009)(courts retain meaningful discretion as to what constitutes "reasonable compensation."); *In re Coyote Ranch, LLC*, 400 B.R. 84, 95 (Bankr.N.D. Tex. 2009)(noting discretion to award something less than that which is generally requested/expected).

With respect to the amount of compensation awarded by the bankruptcy court, the court finds that there was no error in the determination that "Considerations of reasonableness and equity compel the Court to lower the Trustee's compensation amount so that unsecured creditors can receive some benefit from the sale of the properties." DN 1-1, p. 351. An award of $5,000.00 was recommended by the United States Trustee. This amount represented a statutory commission based upon the $42,500.00 disbursement proposed but not achieved by the Trustee. DN 9, p.7. Under § 326(a), the Trustee was awarded an amount equal to 25% of the first $5,000.00 and 10% of the next $37,500.00, under the statutory regime. The award did not take into account the $411,600.00 disbursement paid to secured creditors. Inasmuch as the sale should not have been entered into by the Trustee, there was no error in declining to award him a commission which would consume the last of the proceeds remaining, and leave the unsecured creditors nothing.

-7-

There was not a surprise event which occurred post-sale that diminished the proceeds available to the unsecured creditors. The tax basis of the property was fixed and there for the Trustee to discern and consider in deciding whether to enter into such a sale. He did not do so, and permitted the sale to go forward, benefitting only the secured creditors and himself. The commission of $5,000.00 thus calculated respects the principle that, under this extraordinary circumstance, equity requires a calculation of compensation to the Trustee that affords some benefit to the unsecured creditors. DN 1-1, pp. 350-51.

In fact, this court is of the opinion that the commission should be calculated on the sum of $24,922.00, rather than the $42,500.00 figure utilized by the United States Trustee. $24,922.00 reflects the sum actually realized, after the payment of the debtors' homestead exemption of $7,500.00 and $17,578.00 in federal and state capital gains tax. The court finds it unreasonable and inequitable for the Trustee to be paid a commission on self-generated tax work in connection with capital gains taxes which should not have been incurred in the first place.[2] The fee should take into account only the amount remaining which is available for disbursement to unsecured creditors.

## CONCLUSION

For the reasons stated above, a separate order will be entered affirming the order of the bankruptcy court in which the commission requested by the Trustee was found to be unreasonable.

---

[2] The estate's administrative expenses are not impacted by this ruling.

The court will vacate the bankruptcy court's award of $5,000.00, and remand the matter to the bankruptcy court for calculation of a reasonable Trustee's commission in accordance with this opinion.

**IT IS SO ORDERED.**

December 23, 2014

Charles R. Simpson III, Senior Judge
United States District Court

-8-